RIMM, J.T.C.
These three cases arise under the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29 (hereafter “the Act”). They are companion cases to Boardwalk Regency Corp. t/a Caesars Atlantic City Hotel and Casino v. Director, Div. of Taxation, 17 N.J.Tax 331 (Tax 1998), decided today in the Tax Court.
The Boardwalk Regency Corp. decision upheld the Director’s tax assessment under the Act on nonalcoholic beverages provided to patrons and employees. The situation with regard to the present three cases is as follows:
*329 Plaintiff Items Provided to Patrons Claim
Trump Plaza Associates Alcoholic beverages Nonalcoholic beverages Vacate Assessment
Adamar of New Jersey Alcoholic beverages Nonalcoholic beverages Refund
GNOC Alcoholic beverages Refund
The facts in each of these three cases are essentially the same, including agreements between the taxpayers and the Director. The facts are also essentially the same as those in Boardwalk Regency Corp., supra, except for the involvement of alcoholic beverages. All four cases parallel each other with respect to the applicable legal principles, and all four cases were heard together on plaintiffs’ motions for summary judgment and the Director’s cross-motions for summary judgment.
The claims of plaintiffs, Trump Plaza Associates and Ada-mar of New Jersey, with regard to nonalcoholic beverages, are disposed of precisely for the reasons set forth in Boardwalk Regency Corp., supra. Trump Plaza Associates’ claim that the assessment on nonalcoholic beverages be vacated is denied. Ada-mar of New Jersey’s claim for a reftind of taxes paid on nonalcoholic beverages is also denied.
With regard to alcoholic beverages, the sale of such beverages by a retailer to a customer was specifically exempted from the six percent “retail” sales tax of N.J.S.A. 54:32B-3 beginning July 1, 1980 through July 1, 1990. See N.J.S.A. 54:32B-8.34, repealed by A. 1990, C. 40 § 11. Instead, alcoholic beverages were taxed only under the Alcoholic Beverage Wholesale Sales Tax Act, N.J.S.A. 54:32C-1 et seq., at 7.3 percent of the wholesale price charged to the retailer. See N.J.S.A. 54:32C-3.
In July 1990, N.J.S.A. 54:32B-8.34, the exemption of alcoholic beverages from the six percent “retail” sales tax, was repealed by the Legislature. At the same time, the Legislature repealed the Alcoholic Beverage Wholesale Sales Tax Act. Thus, since July 1, 1990, the receipts from any “retail sale” of alcoholic beverages *330 have been specifically subject to New Jersey’s six percent sales tax under the Act. The taxable periods involved in these matters are all after July 1,1990.
Here, plaintiff casinos purchased alcoholic beverages from various suppliers and tendered resale certificates, known as ST-3 forms, avoiding the payment of sales tax on the purchases. The casinos, however, gave away the alcoholic beverages to their patrons. The casinos did not resell the alcoholic beverages within the meaning of that term as interpreted by our courts.
The agreements signed by the casinos and the Director have absolutely no bearing on these matters with regard to alcoholic beverages. The agreements provide that no sales tax and no use tax would be imposed on the “provision” of complimentary alcoholic beverages to casino patrons. In effect, the agreements merely set forth the law at the time with respect to the taxation of alcohol beverages. Alcoholic beverages were specifically exempt from the provisions of the Act during that time period.
Plaintiffs in these cases argue that it is inconceivable that the parties would have prepared and signed a document that merely set forth the law at the time. The agreement, however, set forth the Director’s position with regard to a number of complimentary items, from bus tickets to meals to hotel rooms. Statutory and regulatory provisions are not cited for each issue. Plaintiffs’ argument is unpersuasive.
The Director is not taxing the “provision” of complimentary alcoholic beverages by the casinos to their patrons. The Director has only assessed the tax owed on the purchase of the alcoholic beverages by the casinos from their suppliers.
The assessment against Trump Plaza Associates for alcoholic beverages is affirmed. The refund claims of Adamar of New Jersey and GNOC, Corp. for alcoholic beverages are denied. The motions made in these cases by plaintiffs for summary judgments are denied. The motions for summary judgments by the Director are granted. Boardwalk Regency Corp., t/a Caesar’s Atlantic *331 City Hotel and Casino v. Director, Div of Taxation, supra, 17 N.J. Tax 331 (Tax 1998).
The complaint in each of these matters is dismissed. Judgments will be entered accordingly.