746 A.2d 474

ADAMAR OF NEW JERSEY T/A TROPICANA CASINO AND RE-SORT, F/K/A TROPWORLD CASINO & ENTERTAINMENT RE-SORT, PLAINTIFF–APPELLANT, v. DIRECTOR, DIVISION OF TAXATION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 24, 2000—Decided February 25, 2000.

Before Judges PETRELLA, BRAITHWAITE and COBURN.

*Janyce M. Wilson* argued the cause for appellant (*Graham, Curtin & Sheridan* attorneys; *Ms. Wilson* and *Kent L. Schwarz*, on the brief).

*Marlene G. Brown*, Deputy Attorney General, argued the cause for respondent (*John J. Farmer*, Attorney General, attorney; *Ms. Brown*, on the brief).

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

This is a companion appeal to *GNOC, Corp. v. Director, Div. of Taxation,* 328 *N.J.Super.* 467, 746 *A.*2d 466 (App.Div.2000), also decided today. This appeal addresses the applicability of the sales and use tax to both complimentary alcoholic and non-alcoholic beverages provided to casino patrons. Here, plaintiff Adamar of New Jersey, t/a Tropicana Casino Entertainment Resort, f/k/a TropWorld Casino Entertainment Resort ("Adamar"), appeals from a summary judgment in favor of defendant, Director, Division of Taxation ("Director"), dismissing Adamar's complaint seeking a refund of $504,773.88 for use taxes for the period July 1, 1990 through November 30, 1995, relative to Adamar's purchase of both alcoholic and non-alcoholic beverages furnished to casino patrons on a complimentary basis.

We need not recite at length the facts and background pertinent to this appeal. Those matters are fully set forth in our opinion in *GNOC, supra,* and in the Tax Court opinion of a companion case, *Boardwalk Regency Corp. v. Director, Div. of Taxation,* 17 *N.J.Tax* 331 (Tax 1998), rev'd 18 *N.J.Tax.* 328 (App.Div.1999).

With respect to the complimentary alcoholic beverages, Adamar raises the same issues as GNOC. We reject Adamar's claims with respect to the complimentary alcoholic beverages for the reasons expressed in *GNOC, supra.* Because the issues raised are identical, no further discussion is warranted.

As to the complimentary non-alcoholic beverages, we are satisfied that our opinion in *Boardwalk Regency, supra,* controls. As we noted there:

> [T]he judge agreed with the Director that the purchase of the beverages was a "discrete" taxable event distinct from the "provision" of complimentary drinks to patrons and employees, and that the agreements related only to the latter. *Boardwalk Regency, supra,* 17 *N.J.Tax* at 337, 344-45. *See also Trump Plaza Associates v. Director, Div. of Taxation,* 17 *N.J.Tax* 327 (Tax 1998). Under that theory, the agreement to tax only the use of partially complimentary beverages does not constitute an agreement not to impose a sales tax on the purchase of beverages ultimately distributed on a fully complimentary basis.
>
> We believe there is a factual dispute relating to the scope of the agreements which precludes summary judgment. The dispute concerns precisely what the 1981, 1986 and 1988 agreements were designed to address and whether the agreements were designed to include the purchase of all nonalcoholic beverages as well as their service on a complimentary basis to BRC's patrons, independent of a meal, and to BRC's employees at all. While both parties sought summary judgment, a factual dispute remains as to whether the parties intended to resolve this subject within the meaning of the agreements.
>
> In summary, we agree with the trial judge that there was no "sale" of the fully "comped" nonalcoholic beverages and, therefore, that a use tax was payable because they were not resold. However, we reject the judge's conclusion that a "settlement" of the disputed tax liability could not have been perfected under *N.J.S.A.* 54:53-1 as a matter of law. Accordingly, we reverse the grant of summary judgment to the Director and remand for resolution of the factual dispute regarding what was settled by the agreements.
>
> [18 *N.J.Tax* at 334-35.]

The same result applies here.

Accordingly, we affirm the grant of summary judgment to the Director on the issue of the alcoholic beverages and reverse and remand for further proceedings on the issue of the non-alcoholic beverages.